# CASE LOMBARDI & PETTIT
### A LAW CORPORATION

<table>
<tr>
<td>
Lissa H. Andrews<br>
David G. Britlin<br>
James M. Cribley<br>
Stacey W E. Foy<br>
Adelbert Green<br>
Michael L. Lam<br>
Dennis M. Lombardi†<br>
<br>
† A Law Corporation<br>
Daniel H. Case (1925-2016)
</td>
<td>
Michael R. Marsh<br>
Jon M.H. Pang<br>
Ted N. Pettit, Ph.D<br>
Lauren R. Sharkey<br>
Mark G. Valencia<br>
Nancy J. Youngren<br>
John D. Zalewski
</td>
<td align="center">
PACIFIC GUARDIAN CENTER, MAUKA TOWER<br>
737 BISHOP STREET, SUITE 2600<br>
HONOLULU, HAWAII 96813-3283<br>
<br>
TELEPHONE: (808) 547-5400<br>
FACSIMILE: (808) 523-1888<br>
E-mail: info@caselombardi.com<br>
http://www.caselombardi.com
</td>
<td>
Michelle J. Chapman  Samuel W. King II<br>
Matthew A. Cohen  Jana M. Naruse<br>
Harrison K. Goo  Doran E. Smith<br>
Ryan M. Hamaguchi  Ellen A. Swick<br>
Lisa K. Johnson<br>
<br>
Of Counsel<br>
John R. Dwyer, Jr<br>
Gregory M. Hansen<br>
Frederick W. Rohlfing III
</td>
</tr>
</table>

August 5, 2016

**VIA EMAIL (NKacprowski@ahfi.com)**
Nickolas A. Kacprowski, Esq.
1001 Bishop Street, Suite 1800
Honolulu, Hawaii 96813

> **Subject:  Closing of Purchase and Sale Agreement Between YMCA and Aloha Kai Development, LLC**

Dear Mr. Kacprowski:

This letter responds to your July 28, 2016 letter that purports to terminate the PSA. Contrary to the assertions in your letter, there is no dispute over agreed upon material terms, the mediation was not unsuccessful, and AKD will be ready, willing, and able to close under the Second Amendment to the PSA on August 15, 2016.

As explained in our June 20, 2016 letter, AKD rejects the contention that it defaulted under the PSA. Rather, the failure to close was a direct result of the YMCA's ex-contractual demands that destroyed the joint venture. That is the context for this entire dispute.

On June 30, 2016, the parties participated in a direct negotiation. During the negotiation, the parties agreed on a framework for closing the transaction under a Second Amendment to the PSA. At no time during this negotiation did the YMCA propose or discuss the execution of a termination agreement and/or bill of sale as part of a Second Amendment.

In a July 6, 2016 letter, the YMCA outlined five conditions:

(1)  Closing by August 15, 2016.
(2)  Execution of a Termination and Release Agreement and Bill of Sale in the event the transaction does not close by August 15.
(3)  Proof of funds by July 20, 2016.
(4)  Immediate termination of the PSA if closing does not occur on August 15, 2016 and forfeiture of the remaining $200,000 in escrow.
(5)  If the transaction closes by August 15, deposit of the difference between the Contracted Total Project Cost or if the construction contract is not signed then deposit of $4.5 million in escrow.

29541/3/2539976.1

MEMBER OF LEX MUNDI, THE WORLD'S LEADING ASSOCIATION OF INDEPENDENT LAW FIRMS

YMCA-235

YMCA-016599

EXHIBIT "24"

*Nickolas A. Kacprowski, Esq.*
*August 5, 2016*
*Page 2*

Because items (2) and (4) were neither discussed nor agreed upon, they were unilateral conditions that were never accepted by AKD. In other words, there was never a meeting of the minds on any termination agreement and/or bill of sale. In any event, these items will be moot if the transaction closes on August 15.

AKD will be ready, willing, and able to close on August 15 in accordance with condition (1). AKD complied with condition (3) by providing proof of funds in the amount of $21,153,788.51 on July 20, 2016. AKD has agreed to deposit either cash in the amount of $4.5 million into escrow or a standby letter of credit in an equivalent amount, at closing, consistent with condition (5).

No other material changes were made to the Second Amendment or the Development Agreement. Consequently, the contention that the parties "are way too far apart on material terms" is incorrect.

We also disagree with your contention that "mediation was not successful." Mr. Hunter has not declared an impasse. Neither of the parties have the right to unilaterally terminate mediation.

If the YMCA refuses to close on August 15, it will engage in textbook bad faith: "every contract contains an implied covenant of good faith and fair dealing that neither party will do anything that will deprive the other of the benefits of the agreement." Best Place, Inc. v. Penn Am. Ins. Co., 82 Hawai`i 120, 123-24, 920 P.2d 334, 337-38 (1996) (citations omitted).

Under no circumstances will AKD forfeit its investment in this project. AKD has invested over four years and approximately $4 million already. AKD is prepared to litigate this matter through arbitration and any appeal. The property will be unmarketable to any person/entity during the pendency of any litigation. That kind of litigation will be expensive and time-consuming for both sides and is something AKD wishes to avoid. We trust that further litigation will be unnecessary and that the parties will close on August 15.

Sincerely,

CASE LOMBARDI & PETTIT

*for* Mark G. Valencia

MGV/ckm
cc:  David M. Louie, Esq.
     William C. McCorriston, Esq.
     Darolyn H. Lendio, Esq.

29541/3/2539976.1

YMCA-016600